Kristin Henry (State Bar No. 220908)
Sierra Club Environmental Law Program
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5716
(415) 977-5793 FAX
kristin.henry@sierraclub.org

E-filing

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SIERRA CLUB and WILDEARTH GUARDIANS, | ) Case No.: CV 1 0 4 0 6 0 |
| Plaintiffs, | ) |
| vs. | ) **COMPLAINT FOR INJUNCTIVE AND** ) **DECLARATORY RELIEF** |
| LISA P. JACKSON, in her official capacity as Administrator, United States Environmental Protection Agency, | ) ) ) |
| Defendant | ) ) ) |

1.    Plaintiffs SIERRA CLUB and WILDEARTH GUARDIANS bring this Clean Air

Act citizen enforcement action to compel the United States Environmental Protection Agency

("EPA") to undertake long-overdue nondiscretionary duties. Specifically, Sierra Club challenges

the failure of Defendant, LISA P. JACKSON, in her official capacity as Administrator of the

EPA to perform certain mandatory duties required by the Clean Air Act, 42 U.S.C. §§ 7401-

7671q (2010), including the failure to: [1] promulgate Federal Implementation Plans pursuant to

COMPLAINT                                                                                              1

42 U.S.C. § 7410(c)(1) (2010) and [2] take final action on State Implementation Plan submittals within 12 months as required by 42 U.S.C. § 7410(k)(2) (2010).

## JURISDICTION, VENUE AND NOTICE

2. This action is brought pursuant to the Clean Air Act, 42 §7410 *et seq.* Thus, this Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 42 U.S.C. §7604(a) (2010). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (2010) (federal question). An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146 (2010), and does not involve the Tariff Act of 1930. This Court has authority to order the declaratory relief requested under 28 U.S.C. §2201 (2010). If the Court orders declaratory relief, 28 U.S.C. §2202 authorizes this Court to issue injunctive relief.

3. **Intradistict Assignment**. U.S. EPA Region 9 is headquartered in San Francisco. U.S. EPA Region 9 includes Arizona, Hawaii, Guam, America Samoa and the Northern Mariana Islands. Thus, a substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of California. Venue is therefore proper in this Court pursuant to 28 U.S.C. §1391(e) (2010).

4. On June 22, 2010, Plaintiffs mailed a sixty-day notice of intent to sue letter via certified mail, return receipt requested to Defendant Lisa P. Jackson. The notice letter stated that Plaintiffs intended to sue Defendant for failure to: [1] promulgate Federal Implementation Plans under 42 U.S.C. § 7410(c)(1) (2010) for the 1997 8-hour ozone NAAQS for nine states[1] – North Dakota, Hawaii, Guam, American Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon and

---

[1] The term "state" is used in this complaint as it is defined in the Clean Air Act, 42 U.S.C. § 7602(d) (2010).

Washington; [2] promulgate Federal Implementation Plans under 42 U.S.C. § 7410(c)(1) (2010) to address certain elements required by 42 U.S.C. § 7410(a)(2) (2010) for Maryland, Virginia, Arkansas, New Mexico, Oklahoma, Arizona, Florida and Georgia; [3] take final action on provisions of the 1997 8-hour ozone Infrastructure SIP submittals for Maryland, Virginia, Delaware, Arkansas, New Mexico, Oklahoma, Florida, Georgia, Tennessee, Washington, D.C. and West Virginia and [4] take final action on 1997 8-hour Infrastructure SIP submittals for Texas, Nevada and North Carolina. Defendant received the sixty day notice of intent to sue letter no later than June 28, 2010.

5. More than 60 days have passed since Defendant received Plaintiffs' notice of intent to sue letter. To date, Defendant has not remedied the violations alleged in the Notice Letter and again set forth in this Complaint. Therefore, an actual controversy exists between the parties.

**PARTIES**

6. Plaintiff **SIERRA CLUB** brings this action on behalf of itself and its adversely impacted members. Sierra Club, founded in 1892, is a nonprofit public-benefit corporation organized and existing under the laws of California with more than 600,000 members in the United States and with one or more chapters in every state. The Sierra Club's purposes include "to practice and promote responsible use of the earth's ecosystem and resources; to enlist and to educate humanity to protect and restore the quality of the natural and human environment, and to use all lawful means to carry out these objectives." Sierra Club activities include hiking, canoeing, caving, swimming, fishing, nature study, and advocacy for the improvement and protection of water quality and air quality across the country.

COMPLAINT 3

7. Plaintiff **WILDEARTH GUARDIANS** ("Guardians") brings this action on behalf of itself and its adversely impacted members. Guardians is a non-profit organization dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West. Guardians currently has four programmatic areas of focus - wildlife, wild places, wild rivers, and climate and energy. The organization has over 4,500 members.

8. Sierra Club and Guardians members live, work, raise families, recreate and engage in economic and other activities in and around North Dakota, Hawaii, Guam, American Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon, Washington, Maryland, Virginia, Arkansas, New Mexico, Oklahoma, Arizona, Florida, Georgia, Delaware, Arkansas, Tennessee, West Virginia, Texas, Nevada, North Carolina and Washington, D.C. They are adversely affected by exposure to ozone. The adverse effects of such pollution include actual and/or threatened harm to their health, their families' health, their professional well being, their educational and economic interests, and their aesthetic and recreational enjoyment of the environment in these areas.

9. The Clean Air Act violations alleged in this Complaint also deprive Sierra Club, Guardians and their members of certain procedural rights, including notice and opportunity to comment, associated with EPA's failure to perform certain mandatory duties: failure to promulgate Federal Implementation Plans and failure to take final action on Infrastructure SIP submittals. The Clean Air Act violations alleged in this Complaint also deprive Sierra Club, Guardians and their members of certain information including but not limited to ambient monitoring data gathered in accordance with applicable regulations, public notice of exceedances of National Ambient Air Quality Standards and emission inventories.

COMPLAINT 4

10. Because Defendant has not (1) promulgated Infrastructure Federal Implementation Plans to address the 1997 8-hour ozone NAAQS for certain states and (2) taken final action on 1997 8-hour ozone Infrastructure SIP submittals for certain states by the applicable deadlines, Sierra Club, Guardians and their members cannot be certain that the 1997 8-hour ozone NAAQS for the affected states conforms with the requirements of the Clean Air Act. Similarly, Defendant's failure to promulgate Federal Implementation Plans and to take final action on SIP submittals prevents Sierra Club and WildEarth Guardians' members from being certain that they are protected by the 1997 8-hour ozone NAAQS.

11. The Clean Air Act violations alleged in this Complaint have injured and will continue to injure the interests of Plaintiffs' organizations and their members, unless and until this Court grants the requested relief. Granting the relief requested in this lawsuit would address these injuries by compelling EPA action to perform its mandatory duties, thereby improving air quality and reducing the risk of exposure to air pollution and the uncertainty regarding that exposure.

12. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("EPA") is the federal agency charged with implementation and enforcement of the Clean Air Act. As described below, the Clean Air Act assigns to EPA certain non-discretionary duties. In this case, EPA has failed to perform certain non-discretionary duties.

13. Defendant **LISA P. JACKSON** is sued in her official capacity as the Administrator of the EPA. She is charged in that role with taking various actions to implement and enforce the Clean Air Act, including the requirement to promulgate Infrastructure Federal Implementation Plans for the 1997 8-hour ozone NAAQS for certain states and to take final action on 1997 8-hour ozone Infrastructure SIP submittals for certain states.

COMPLAINT 5

**STATUTORY FRAMEWORK**

14. The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1) (2010). Congress intended the Clean Air Act in part to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356.

15. In order to achieve this goal, the Clean Air Act, including the 1990 amendments, establishes a partnership between EPA and the states for attainment and maintenance of national air quality goals. *See* 42 U.S.C. § 7401-7515 (2010).

16. Pursuant to the Clean Air Act, EPA sets NAAQS to limit levels of "criteria pollutants," including carbon monoxide, lead, nitrogen dioxide, particulate matter, ozone, and sulfur dioxide. *See* 40 C.F.R. part 50.4-50.13 (2010).

17. The NAAQS are designed to protect the public from being exposed to levels of air pollutants that EPA has found to have significant adverse health and welfare impacts.

18. The Clean Air Act requires all areas of the country to meet NAAQS. 42 U.S.C. §§ 7409-7410 (2010).

19. In order to achieve this goal, states, or regions within a state, must adopt a pollution control plan, known as a State Implementation Plan ("SIP"), that contains enforceable emissions limitations necessary to attain the NAAQS and meet applicable requirements of the Clean Air Act, including ensuring attainment, maintenance and enforcement of NAAQS. 42 U.S.C. §§ 7410(a)(1) (2010), (a)(2)(A) (2010); § 7401(a)(1),(k) (2010).

20. Pursuant to the Clean Air Act states are required to submit SIPs that provide for the "implementation, maintenance and enforcement" of any new or revised NAAQS within three

COMPLAINT                                                                                                   6

years of a NAAQS' promulgation. 42 U.S.C. § 7410(a)(1) (2010). EPA is then required to make a finding as to whether a SIP submittal administratively complies with the requirements of 42 U.S.C. § 7410(a)(2) (2010) within six months of the submittal; a determination known as the completeness finding. 42 U.S.C. §7410(k)(1)(B) (2010).

21. If EPA determines that a state has failed to submit a complete SIP, that determination triggers a 24-month period after which EPA has a mandatory duty to step in and promulgate a Federal Implementation Plan. 42 U.S.C. §7410(c)(1) (2010).

22. In situations where states make a SIP submittal and EPA either does not make (1) a completeness finding or (2) a finding that the submittal failed to meet the minimum criteria, the submittal is deemed administratively complete by operation of law six months after the submittal. 42 U.S.C. §7410(k)(1)(B) (2010).

23. Once a submittal is deemed complete, either by operation of law or a completeness finding, EPA has a mandatory duty to take final action on the submittal within twelve (12) months by approving it in full, disapproving it in full or approving part of it and disapproving part of it. 42 U.S.C. § 7410(k)(2) (2010).

## STATEMENT OF FACTS

24. EPA has failed to perform certain mandatory duties required by the Clean Air Act, including the failure to: [1] promulgate Federal Implementation Plans pursuant to 42 U.S.C. § 7410(c)(1) (2010) for part or all of 17 states within twenty-four (24) months after it issued a finding of failure to submit all or part of the 42 U.S.C. § 7410(a) (2010) ("Infrastructure") SIP requirements for the 1997 8-hour ozone NAAQS and [2] take final action on State Implementation Plan submittals as required by 42 U.S.C. § 7410(k)(2) (2010) for 14 states within 12 months after these submittals were found or deemed complete.

COMPLAINT 7

25. On July 18, 1997, EPA promulgated an 8-hour NAAQS for ozone. 62 Fed. Reg. 38856 (July 18, 1997).

26. In 2008, EPA issued a determination as to whether each state had submitted a complete 1997 8-hour Infrastructure SIP. 73 Fed. Reg. 16205 (March 27, 2008). While EPA determined that certain states did submit a complete Infrastructure SIP, it also determined that numerous states either did not submit Infrastructure SIPs, or failed to submit certain elements that were required as part of the Infrastructure SIP, thereby triggering the twenty-four (24) month period after which EPA must promulgate a Federal Implementation Plan to address the deficiencies. 73 Fed. Reg. 16205 (March 27, 2008).

## Failure to Promulgate Federal Implementation Plans
## Pursuant to 42 U.S.C. § 7410(c)(1)

27. EPA has failed to promulgate Federal Implementation Plans pursuant to 42 U.S.C. §7410(c)(1) (2010) to address the 42 U.S. §7410(a) (2010) Infrastructure SIP for the 1997 8-hour ozone NAAQS within two years after it issued a finding of failure to submit for nine states: North Dakota, Hawaii, Guam, American Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon and Washington.

**North Dakota, Hawaii, Guam, American Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon and Washington**

28. On March 27, 2008, EPA found that the following states and territories "failed to make a complete (Infrastructure SIP) submittal to satisfy the requirements of [42 U.S.C. § 7410(a)(2) (2010)]" for the 1997 8-hour ozone NAAQS by the applicable date: North Dakota, Hawaii, Guam, American Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon and Washington. 73 Fed. Reg. 16205, 16207 (March 27, 2008). The effective date of this finding was April 28, 2008. *Id.*

COMPLAINT 8

29. It has now been over two years since EPA made its finding. Since this finding, EPA has not approved a 1997 8-hour ozone Infrastructure SIP that meets the requirements of 42 U.S.C. § 7410(a)(2) (2010) for any of these areas.

30. Pursuant to the Clean Air Act, EPA was required to promulgate Federal Implementation Plans for the 1997 8-hour ozone NAAQS for North Dakota, Hawaii, Guam, American Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon and Washington upon the expiration of the two year period, that is by April 28, 2010. EPA has failed to do so, in violation of its mandatory duty.

31. Similarly, EPA has failed to promulgate Federal Implementation Plans for eight states that failed to submit certain elements of the Infrastructure SIP for 1997 8-hour ozone NAAQs required by 42 U.S.C. §7410(a)(2) (2010): Maryland, Virginia, Arkansas, New Mexico, Oklahoma, Arizona, Florida and Georgia.

**Maryland, Virginia, Arkansas, New Mexico and Oklahoma**

32. On March 27, 2008, EPA found that Maryland, Virginia, Arkansas, New Mexico and Oklahoma "failed to submit a [SIP] addressing changes to [their] part C [Prevention of Significant Deterioration] permit program required by the November 29, 2005 …final rule that made NOx a precursor for ozone" by the applicable date as required to do so by 42 U.S.C. §§ 7410(a)(2)(C) and (J) (2010). 73 Fed. Reg. 16205, 16207-08 (March 27, 2008). The effective date for this finding is April 28, 2008. *Id.*

33. It has now been over two years since EPA made its finding. Since this finding, EPA has not approved an Infrastructure SIP that meets the requirements of 42 U.S.C. § 7410(a)(2)(C) and (J) (2010) for any of these areas. EPA has proposed to approve a change to the New Mexico SIP, 75 Fed. Reg. 52693 (Aug. 27, 2010) but a proposal does not alleviate

COMPLAINT 9

EPA's mandatory duty. *See* 42 U.S.C. § 7410(c)(1) (2010) (emphasis added) (" . . . unless the State corrects the deficiency **and** the Administrator **approves** the plan or plan revision[.]").

34. Pursuant to the Clean Air Act, EPA was required to promulgate Federal Implementation Plans to address these Infrastructure SIP requirements for Maryland, Virginia, Arkansas, New Mexico and Oklahoma upon the expiration of the two year period, that is by April 28, 2010. EPA has failed to do so, in violation of its mandatory duty.

**Arizona**

35. On March 27, 2008, EPA found that Arizona "failed to make a complete submittal to satisfy the requirements of [42 U.S.C. § 7410(a)(2) (2010)]" for the 1997 8-hour ozone NAAQS by the applicable date. 73 Fed. Reg. 16205, 16208 (March 27, 2008). The effective date of this finding was April 28, 2008. *Id.*

36. Since this finding, Arizona submitted an Infrastructure SIP for all elements except 42 U.S.C. § 7410(a)(2)(G) (2010). It has now been over two years since EPA made its finding.

37. Pursuant to the Clean Air Act, EPA was required to promulgate a Federal Implementation Plan addressing this Infrastructure SIP requirement for Arizona upon the expiration of the two year period, that is by April 28, 2010. EPA has failed to do so, in violation of its mandatory duty.

**Florida and Georgia**

38. On March 27, 2008, EPA found both Florida and Georgia "failed to submit a SIP addressing the emergency episode plan requirement of [42 U.S.C. § 7410(a)(2)(G) (2010)]." 73 Fed. Reg. 16205 (March 27, 2008). The effective date of this finding was April 28, 2008. *Id.*

COMPLAINT                                                                                          10

39.    Since this finding, EPA has not approved an Infrastructure SIP for either Florida

or Georgia addressing this requirement. It has now been over two years since EPA made its

finding.

40.    Pursuant to the Clean Air Act, EPA was required to promulgate Federal

Implementation Plans addressing this Infrastructure SIP requirement for both Florida and

Georgia upon the expiration of the two year period, which is by April 28, 2010.  EPA has failed

to do so, in violation of its mandatory duty.

## **Failure to Take Final Action on State Implementation Plan Submittals Pursuant to 42 U.S.C. § 7410(k)(2)**

**Maryland, Virginia, Delaware, Arkansas, New Mexico and Oklahoma:**

41.    EPA has failed to take final action on provisions of the 1997 8-hour ozone

Infrastructure SIP submittals for Maryland, Virginia, Delaware, Arkansas, New Mexico and

Oklahoma and publish notice of its action.

42.    As previously set forth, on March 27, 2008, EPA made a completeness finding for

all elements of the Infrastructure SIP submittals for these six states except as it pertains to the

requirements of 42 U.S.C. §7410(a)(2)(C) and (J) (2010).  73 Fed. Reg. at 16207-08 (the

elements for which EPA did not find a failure to submit are deemed complete under 42 U.S.C.

§7410(k)(1)(B) (2010)). The effective date of this finding was April 28, 2008.  *Id.*

43.    Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action

by approving in full, disapproving in full, or approving in part and disapproving in part all

elements of the Infrastructure SIP submittals except the requirements of 42 U.S.C.

§§7410(a)(2)(C) and (J) (2010) for these states within 12 months of its completeness finding on

these submittals or by April 28, 2009.  42 U.S.C. § 7410(k)(2) (2010).  EPA has failed to do so,

in violation of its mandatory duty.

COMPLAINT                                                                                          11

**Florida and Georgia:**

44. EPA has failed to take final action on provisions of the 1997 8-hour ozone Infrastructure SIP submittals for Florida and Georgia.

45. As previously set forth, on March 27, 2008, EPA made a completeness finding for all elements of the Infrastructure SIP submittals for Florida and Georgia except as it pertains to the requirements of 42 U.S.C. §7410(a)(2)(G) (2010). 73 Fed. Reg. at 16208 (the elements for which EPA did not find a failure to submit are deemed complete under 42 U.S.C. §7410(k)(1)(B) (2010)). The effective date of this finding was April 28, 2008. *Id.*

46. Pursuant to U.S.C. § 7410(k)(2) (2010), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part all elements of the Florida and Georgia Infrastructure SIP submittals except the requirements of 42 U.S.C. §7410(a)(2)(G) (2010) within 12 months of its completeness finding on these submittals which is by April 28, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

**Texas:**

47. EPA has failed to take final action on the 1997 8-hour ozone Infrastructure SIP submittal for Texas.

48. Texas submitted its 1997 8-hour ozone Infrastructure SIP on April 4, 2008. Pursuant to 42 U.S.C. §7410(k)(1)(B) (2010), the submittal was deemed complete by no later than October 4, 2008.

49. Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action on Texas' 1997 8-hour ozone Infrastructure SIP by approving in full, disapproving in full, or approving in part and disapproving in part within 12 months of Texas' 1997 8-hour ozone

COMPLAINT                                                                                        12

Infrastructure SIP being deemed complete which is by October 4, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

**Nevada:**

50. EPA has failed to take final action on the 1997 8-hour ozone Infrastructure SIP submittal for Nevada.

51. Nevada submitted its 1997 8-hour ozone Infrastructure SIP on February 1, 2008. Pursuant to 42 U.S.C. §7410(k)(1)(B) (2010), the submittal was deemed complete by no later than August 1, 2008.

52. Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action on Nevada's 1997 8-hour ozone Infrastructure SIP by approving in full, disapproving in full, or approving in part and disapproving in part within 12 months of Nevada's 1997 8-hour ozone Infrastructure SIP being deemed complete which is by August 1, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

**North Carolina:**

53. EPA has failed to take final action on the 1997 8-hour ozone Infrastructure SIP submittal for North Carolina.

54. On March 27, 2008, EPA made a completeness finding for all elements of the Infrastructure SIP submittal for North Carolina except as it pertains to the requirements of 42 U.S.C. §7410(a)(2)(C) and (J) (2010). 73 Fed. Reg. at 16208 (the elements for which EPA did not find a failure to submit are deemed complete under 42 U.S.C. §7410(k)(1)(B) (2010)). The effective date of this finding was April 28, 2008. *Id.*

55. Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part all

COMPLAINT                                                                                      13

elements of North Carolina's Infrastructure SIP submittal except the requirements of 42 U.S.C. §7410(a)(2)(C) and (J) (2010) within 12 months of its completeness finding on North Carolina's submittal which is by April 28, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

56.     Since EPA's finding, North Carolina made a submittal addressing the 42 U.S.C. §7410(a)(2)(C) and (J) (2010) requirements which EPA deemed complete as of July 20, 2008.

57.     Pursuant to CAA 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part these elements of North Carolina's Infrastructure SIP submittal within 12 months of the completeness finding on North Carolina's submittal or by July 20, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

**Tennessee:**

58.     EPA has failed to take final action on provisions of the 1997 8-hour ozone Infrastructure SIP submittal for Tennessee.

59.     On March 27, 2008, EPA made a completeness finding for all elements of the Infrastructure SIP submittal for Tennessee except as it pertains to the requirements of 42 U.S.C. §7410(a)(2)(C) and (J) (2010). 73 Fed. Reg. at 16208 (the elements for which EPA did not find a failure to submit are deemed complete under 42 U.S.C. §7410(k)(1)(B) (2010)). The effective date of this finding was April 28, 2008. *Id.*

60.     Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part all elements of the Infrastructure SIP submittal for Tennessee except as it pertains to the requirements of 42 U.S.C. §7410(a)(2)(C) and (J) (2010) within 12 months of its completeness

COMPLAINT                                                                                    14

finding on these provisions of Tennessee's submittal which is by April 28, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

**Washington D.C.**

61. EPA has failed to take final action on provisions of the 1997 8-hour ozone Infrastructure SIP submittal for Washington, D.C.

62. On March 27, 2008, EPA found that Washington, D.C. "failed to submit a [State Implementation Plan] addressing [42 U.S.C. §7410(a)(2)(B),(E)(i),(F),(H) and (J) (2010)]." 73 Fed. Reg. at 16208. The effective date of this finding was April 28, 2008. *Id.*

63. Washington, D.C.'s submittal addressing the requirements of 42 U.S.C. §7410 (a)(2)(A),(G),(K),(L) and (M) (2010) was deemed complete as of April 28, 2008.

64. Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part all elements of Washington, D.C.'s submittal except 42 U.S.C. §7410(a)(2)(B),(E)(i),(F),(H) and (J) (2010) within 12 months of its completeness finding on these provisions of Washington, D.C.'s 1997 8-hour ozone Infrastructure submittal which is by April 28, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

65. On January 11, 2008, Washington, D.C. made another submittal addressing the requirements of 42 U.S.C.§§ 7410(a)(2)(B),(E)(i),(F),(H) and (J) (2010) which was deemed administratively complete by operation of law pursuant to 42 U.S.C. § 7410(k)(1)(B) (2010) on July 11, 2008.

66. Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part these provisions of Washington, D.C.'s submittal within 12 months of its completeness finding on this

COMPLAINT                                                                                          15

part of Washington, D.C.'s 1997 8-hour ozone Infrastructure submittal by July 11, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

67. Although, EPA has since proposed to approve Washington, D.C.'s 1997 8-hour ozone Infrastructure SIP submittals, the approval is not yet final. As of the date of this Complaint, EPA continues to be in violation of its mandatory duty to take final action on the submittals.

**West Virginia:**

68. EPA has failed to take final action on provisions of the 1997 8-hour ozone Infrastructure SIP submittal for West Virginia.

69. On March 27, 2008, EPA found that West Virginia "failed to submit a [State Implementation Plan] addressing [42 U.S.C. §7410(a)(2)(B),(E)(i),(G),(H),(J) and (M) (2010)]" as well as their part C Prevention of Significant Deterioration permit program required by the November 29, 2005 final rule making NOx a precursor for ozone. 73 Fed. Reg. 16205, 16208 (March 27, 2008). The effective date of this finding was April 28, 2008. *Id*.

70. West Virginia's submittal addressing the requirements of 42 U.S.C. §7410 (a)(2)(A),(F),(K) and (L) (2010) was deemed complete as of April 28, 2008. 73 Fed. Reg. at 16208 (the elements for which EPA did not find a failure to submit are deemed complete under 42 U.S.C. §7410(k)(1)(B) (2010)).

71. Pursuant to 42 U.S.C. § 7410(k)(2), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part the elements of West Virginia's submittal within 12 months of its completeness finding on these provisions of West Virginia's submittal which is by April 28, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

COMPLAINT                                                                                    16

72. On May 21, 2008, West Virginia made another submittal addressing the requirements of 42 U.S.C. §§ 7410(a)(2)(B), (E)(i),(G),(H),(J) and (M) (2010) which was deemed complete no later than November 21, 2008.

73. Pursuant to 42 U.S.C. § 7410(k)(2) (2010), EPA was required to take final action by approving in full, disapproving in full, or approving in part and disapproving in part these provisions of West Virginia's submittal within 12 months of its completeness finding on this part of West Virginia's 1997 8-hour ozone Infrastructure submittal which is by November 21, 2009. 42 U.S.C. § 7410(k)(2) (2010). EPA has failed to do so, in violation of its mandatory duty.

74. Although EPA has since proposed to approve West Virginia's 1997 8-hour ozone Infrastructure SIP submittals, the approval is not yet final. As of the date of this Complaint, EPA continues to be in violation of its mandatory duty to take final action on the submittals.

## FIRST CLAIM FOR RELIEF

### FAILURE TO PERFORM A NON-DISCRETIONARY DUTY TO PROMULGATE FEDERAL IMPLEMENTATION PLANS (CAA 42 U.S.C. § 7410(c)(1))

75. Each allegation set forth in the Complaint is incorporated herein by reference.

76. EPA has a mandatory duty to promulgate a Federal Implementation Plan within two years after EPA determines that a state has failed to submit a complete SIP. 42 U.S.C. § 7410(c)(1) (2010).

77. EPA failed to promulgate Federal Implementation Plans for 1997 8-hour ozone Infrastructure NAAQS for North Dakota, Hawaii, Guam, American Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon and Washington after determining more than two years ago that these states failed to submit a complete Infrastructure SIP for the 1997 8-hour ozone NAAQS.

COMPLAINT                                                                                      17

78.     EPA failed to promulgate Federal Implementation Plans to address certain

elements identified above of the Infrastructure SIPs for the 1997 8-hour ozone NAAQS for

Maryland, Virginia, Arkansas, New Mexico, Oklahoma, Arizona, Florida and Georgia after

determining, more than two years ago, that these states failed to submit portions of the

Infrastructure SIP for the 1997 8-hour ozone NAAQS.

79.     EPA has violated and remains in violation of its non-discretionary duty to

promulgate Federal Implementation Plans for all or part of the states identified above.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PERFORM A NON-DISCRETIONARY DUTY TO ACT
### TO TAKE FINAL ACTION UNDER 42 U.S.C. §7410(k)(2)
### ON STATE IMPLEMENTATION PLAN SUBMITTALS

80.     Each allegation set forth in the complaint is incorporated herein by reference.

81.     Pursuant to 42 U.S.C. §7410(k)(2) (2010), EPA has a mandatory duty to take final

action on a SIP submittal that has been deemed complete (either by operation of law or a

completeness finding by EPA), within 12 months by approving it in full, disapproving it in full

or approving part of it and disapproving part of it.

82.     EPA has failed to take final action (and publish notice of that action) within 12

months of its completeness findings on Infrastructure SIP submittals or portions of Infrastructure

SIP submittals for the 1997 8-hour ozone NAAQS for Maryland, Virginia, Delaware, Arkansas,

New Mexico, Oklahoma, Florida, Georgia, Texas, Nevada, North Carolina, Tennessee,

Washington, D.C. and West Virginia.

83.     EPA has violated and continues to violate CAA §110(k)(2), 42 U.S.C.

§7410(k)(2) (2010).

COMPLAINT                                                                          18

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

[A]    DECLARE

[1] That Defendant's failure to promulgate Federal Implementation Plans for 1997

8-hour ozone Infrastructure NAAQS for North Dakota, Hawaii, Guam, American

Samoa, Northern Mariana Islands, Alaska, Idaho, Oregon and Washington after

determining more than two years ago that these states failed to submit a complete

Infrastructure SIP for the 1997 8-hour ozone NAAQS constitutes a failure to

perform an act or duty that is not discretionary for Defendant as required by 42

U.S.C. § 7410(c)(1) (2010);

[2]  That Defendant's failure to promulgate Federal Implementation Plans to

address certain elements of the 1997 8-hour ozone Infrastructure NAAQS for

Maryland, Virginia, Arkansas, New Mexico, Oklahoma, Arizona, Florida and

Georgia, after determining more than two years ago that these states failed to

submit portions of an Infrastructure SIP for the 1997 8-hour ozone NAAQS

constitutes a failure to perform an act or duty that is not discretionary for

Defendant as required by 42 U.S.C. § 7410(c)(1) (2010);

[3] That Defendant's failure to take final action on all or portions of the

Infrastructure SIP submittals for 1997 8-hour ozone NAAQS for Maryland,

Virginia, Delaware, Arkansas, New Mexico, Oklahoma, Florida, Georgia, Texas,

Nevada, North Carolina, Tennessee, Washington, D.C. and West Virginia within

12 months after EPA made a completeness finding for these submittals constitutes

a failure to perform an act or duty that is not discretionary for Defendant as
required by 42 U.S.C. §7410(k)(2) (2010);

[B]    ORDER

[1] Defendant to promulgate Infrastructure Federal Implementation Plans for
1997 8-hour ozone NAAQS for North Dakota, Hawaii, Guam, American Samoa,
Northern Mariana Islands, Alaska, Idaho, Oregon and Washington;

[2] Defendant to promulgate Infrastructure Federal Implementation Plans to
address provisions of the 1997 8-hour ozone NAAQS for Maryland, Virginia,
Arkansas, New Mexico, Oklahoma, Arizona, Florida and Georgia;

[3] Defendant to take final action on all or portions of the Infrastructure SIP
submittals for the 1997 8-hour ozone NAAQS for Maryland, Virginia, Delaware,
Arkansas, New Mexico, Oklahoma, Florida, Georgia, Texas, Nevada, North
Carolina, Tennessee, Washington, D.C. and West Virginia;

[C]    RETAIN jurisdiction of this action to ensure compliance with the Court's Order;

[D]    AWARD Plaintiffs the costs of litigation, including reasonable attorneys' fees and
costs; and

[E]    GRANT such other relief as the Court deems just and proper.

Respectfully submitted this 9th day of September, 2010

Kristin Henry (State Bar No. 220908)
Sierra Club Environmental Law Program
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5716
(415) 977-5793 FAX
kristin.henry@sierraclub.org

COMPLAINT                                                   20